CASE 93—PETITION EQUITY—MAY 18.

# Lawson v. Biller.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

ESTOPPEL TO CLAIM MORTGAGED PROPERTY.—A party to a contract between mortgagor and mortgagee, by which the mortgagor secures an extension of time, with the understanding that the mortgage is to remain in force, is estopped to deny the title of the mortgagor to the mortgaged property, and assert title in himself; and it is not material that the contract for an extension of time was not based upon a sufficient consideration, and, therefore, not binding upon the mortgagee. To constitute such an estoppel it is not necessary that the party seeking to avail himself of the estoppel should have been induced to enter into a contract legally binding; it is sufficient if he has been induced by the words or conduct of the other party to act upon the belief that a certain thing was true, and that he would be prejudiced if the other party were allowed to assert the contrary.

JOHN T. MILBURN FOR APPELLANT.

Any damage or suspension of a right* is a sufficient consideration for a promise; and an acquiescence, when a right is assailed by another, estops the one so acquiescing to assert the contrary, if an injury would thereby result to the person relying thereon. (2 Kent's Com., 465; Smith on Contracts, 99; Brown v. Buford, 3 B. M., 508; Close v. Greenwood Cemetery, 107 U. S., 466.)

R. J. ELLIOTT FOR APPELLEE.

An estoppel to preclude the proving of the truth must be certain, must be reciprocal, and must be by an admission or act intended to influence the conduct of another, and must, in fact, influence the conduct of the other to his injury. (20 Conn., 568, 90, 98; 5 Barn. & Ald., 606; 7 E. C. L. Rep., 208; Coke-Littleton, 352; Gaunt v. Wainman, 32 E. C. L., 43; Marchand v. Errington, 37 E. C. L., 289; 9 Allen, 458; 2 Mar., 144; 4 Dana, 255; 30 N. Y., 541; 33 Penn. St., 316; 3 Hill, 222; 2 Story's Equity Jur., sec. 1543; 38 Ill., 152; 30 Vt., 601; 18 Wall., 271; 1 Casey, 451; 11 Allen, 350; 49 N. Y., 115; 27 Wis., 567; Sneed, 102; Ky. L. Rep., vol. 10, page 49; Burditt v. Burditt & Tatum, 2 Mar., 144; Hanson v. Buckner's ex'r, 4 Dana, 255; Siller v. Groe, 41 N. H., 465; Train v. Piefer, 13 Ala., 136; Dixfield v. Newton, 41 Maine, 221; Taylor v. Ely, 25 Conn.,

250; Howard v. Hudson, 2 El. & Bl., 10; Osgood v. Nichols, 5 Gray,. 420; Coghill v. Hartford & New Haven R. R. Co., 3 Gray, 549; Audenried v. Benteley, 5 Allen, 384; Langdon v. Doud, 10 Allen, 437; Harrahan v. O'Reilly, 102 Mass., 204; Bank of Commerce v. Payne & Viley, 10 Ky. L. Rep.; Freeman v. Cook, 2 Exch., 654; Cady v. Dyre, 20 Conn., 563; Parker v. Barker, 2 Met., Mass., 423.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant held a promissory note on M. Biller, father of the appellee, which note was secured by a mortgage, executed by M. Biller to the appellant, on a piano, as the property of said Biller. M. Biller was not ready to discharge this note in full at its maturity. Thereupon, by an agreement on the part of 'the appellant on the one side, and M. Biller and the appellee on the other, M. Biller paid two hundred dollars on said note and gave his note for three hundred dollars, the balance, due in ninety days, and the piano was to remain bound under said mortgage as security for the payment of this note— one-half of which was to be paid at its maturity by M. Biller and the appellee, upon the payment of which M. Biller was to again execute a new note for the balance, due in ninety days, which was to be paid by the appellee and M. Biller at its maturity.

At the time the appellee agreed that the piano should remain bound as security for the three-hundred-dollar note and its renewal, he knew that it had been mortgaged as the property of M. Biller, and never set up any claim to it himself, but let the appellant remain under the impression that it was the property of M. Biller, and was, therefore, subject to the mortgage, and in consideration of which he made said agreement and kept it to the letter.

The question is: Does the foregoing agreement estop,

the appellee from denying that M. Biller had title to the piano and asserting title in himself?

It is argued, that inasmuch as the appellee's conduct did not induce the appellant to take the mortgage on the piano as the property of M. Biller, and as the agreement for the extension of time was without sufficient consideration to make it binding upon the appellant, and, for that reason, did not prevent his suing on the five-hundred-dollar note immediately, or at any time thereafter, and asserting all the rights he acquired by the mortgage, he was not prejudiced, in a legal sense, by being induced to enter into the new agreement by the conduct of the appellee, therefore the latter was not estopped from asserting title to the piano. In other words, in order to estop the appellee, his conduct must have been the cause of the appellant entering into a binding contract which he would not have entered into but for such conduct, and the appellee's asseveration to the contrary would prejudice the rights of the appellant under said contract.

We do not so understand the law. We understand that the law of estoppel *in pais* is grounded on the equitable principle that forbids a person saying to another that that is not true which, by his words or conduct, he has induced him to believe and act on as true, and but for such belief he would not have so acted, and the denial of the truth of which would be prejudicial to his rights. To constitute the estoppel it is not necessary that the party should have been induced to enter into a contract legally binding. It is sufficient if he has been induced by the words or conduct of the other party to act upon the belief that a certain thing was true, and but for this belief he would not have so acted, and which can not be recalled without preju-

dicing his rights.  It is the doing of the act itself, thus induced, without reference to the legal obligation to so act, that constitutes the estoppel.

Here, the appellant had taken a mortgage on the piano as the property of M. Biller, the appellee not inducing it; the piano at the time was in the possession of M. Biller. Thereafter the appellee obtained, in a manner friendly to the rights of the appellant, the possession of it.  The mortgage debt became due, and the appellee, in conjunction with M. Biller, said to the appellant: "Take two hundred dollars on this five-hundred-dollar note, and M. Biller's note for the balance, due in ninety days, and hold your mortgage lien on the piano as security for its payment, and let me have the use of the piano as a means of making some money, and at the end of ninety days we will pay you one-half of the amount of the note, and renew at ninety days for the balance."  To this proposition the appellant agreed, but to which he would not have agreed if the appellee had then asserted his right to the piano; on the contrary, he induced the appellee to continue to believe that it was the property of M. Biller, and would be bound as security for the new note, upon the faith of which the appellant entered into the agreement and actually complied with it, and by the doing of which he failed to take legal or other steps to secure his debt, which was evidently prejudicial to his rights, and which estops the appellee from making asseverations as to the title of the piano counter to the truth of what he induced the appellant to continue to believe, in consideration of which he acted and forebore his legal rights.

The judgment is reversed, with directions for further proceedings consistent with this opinion.